# Holland v. Howard Brothers.

*Action to recover Commissions of Real Estate Agents.*

1. *Pleading; when demurrer to whole complaint properly overruled.*—Where a complaint contains several counts, some of which are good

[Holland v. Howard Brothers.]

and some are bad, a demurrer to the complaint as a whole is properly overruled.

2. *Real estate agents; when entitled to commissions though sale was made by owner.*—Where real estate agents, who were employed to sell land within a certain time, after the expiration of such time, at the request of the owner and upon a promise by him that he would pay them their commission if a sale of said land was consummated, irrespective of the price and even though the sale should be made directly by him, write to a prospective purchaser, to whom they had shown the land and with whom they had been in correspondence in reference thereto, offering the land at a price designated by the owner, and as a result of such letter the person written to, after negotiations with him, purchases said land from the owner individually, such agents are entitled to their commissions on the purchase price of the land.

3. *New trials; when order of trial court refusing motion will not be reversed.*—This court will not reverse an order of the trial court refusing to grant a new trial, on the ground that the evidence is not sufficient to support the verdict, and that the verdict is contrary to the evidence, unless after allowing all reasonable presumption of its correctness, a preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. H. C. SPEAKE.

This was an action brought on January 31, 1890, by the appellees, Howard Brothers, against the appellant, John Holland, to recover compensation for services alleged to have been rendered by plaintiffs to defendant in the negotiation of a sale of a certain tract of land. Upon the overruling of defendant's demurrer to the complaint, the defendant pleaded the general issue, and issue was joined thereon.

The plaintiffs testified in their own behalf that on June 20, 1889, the defendant gave to them written authority to sell a farm owned by him near Florence, Alabama. This authority was to remain in force until August 20, 1889. Subsequent to the execution of this contract, one of the members of the plaintiff firm carried Dr. Green and Mr. G. Southworth, two gentlemen from Woodstock, Illinois, to look at the place, and priced it at the price stipulated in their contract with the defendant; that after making the examination of the place Green and Southworth expressed themselves as very much pleased with it, but objected to the price asked, and returned to Illinois without making a purchase.

Subsequent to their return to Illinois, the plaintiffs wrote to them in regard to a sale of the property, and offered it at a lower price by authority of the defendant. About the time of the expiration of the written authority to sell the farm, one of the plaintiffs met defendant, who asked him to write to Green and Southworth offering the land at a lower figure than any that had been made before that time. The defendant accompanied this one of the plaintiffs to the office of the firm, where he wrote the letter requested, and read it over to Holland, the defendant, who expressed himself as satisfied with it, and said "that he believed it would bring him down to Florence." The plaintiffs further testified that after this letter was written, one of them filled up a blank contract and asked Holland to sign it, which Holland refused to do, saying: "you boys have got the contract, and if these men, Green and Southworth, come down and want to trade with me; you all stand aside and let me make the trade, and if I make the trade, I will pay your commissions no matter who makes the sale, or at what price." Subsequent to this conversation, and after the receipt of the letter which was written by the plaintiffs to Green and Southworth at the instance of the defendant, Dr. Green came to Florence, and the defendant made the sale of the property to him; the plaintiffs having nothing to do with the making of the sale at that time. After this sale was made, while the defendant was conversing with the plaintiffs, some one came up and said to him that they were going to ask a prospective purchaser to look at his property, whereupon the defendant replied, that it was too late, it was sold; and on being asked who made the sale, he said that the plaintiffs had made it, and then said to them that he would pay them their commissions as soon as the deed was delivered. After the execution of the deed, the plaintiffs demanded the payment of their commissions, but the defendant refused to pay the same. The property was sold for $7,000, and the commission agreed on was 5 *per cent.*

The defendant testified in his own behalf that on June 20, 1889, he executed the contract which was referred to by the plaintiffs in their testmony, but that this contract expired on August 20, 1889, without the plaintiffs having made a sale of his property; that he refused to enter

into another contract with the plaintiffs after the expiration of this one, and on September 3, 1889, executed a contract with the real estate firm of Lawton & Fleming, placing the property in their hands for sale; that the sale of his property to Dr. Green was made by him individually, between the 20th and 30th of December, 1889; and that he did not promise to pay the plaintiffs commissions for any sale of the land which might take place after the expiration of his contract with them. Dr. Green and Mr. Southworth testified that the sale was made by the defendant individually with them; that they preferred to trade with him instead of through an agent, and for that reason waited until the option or contract with the plaintiffs had expired.

Upon the introduction of all the evidence, the court, at the request of the plaintiffs, gave the following written charge: "If the jury believe from the evidence that after the expiration of the first contract Holland agreed with the Howards, about August 21st, 1889, that if they would write to Green and Southworth offering the land at a certain price, and that if said Green and Southworth came down and bought the land said Howards should be paid five *per cent.* commission, and further that said Howards did write said letter, and as a result of it said Green and Southworth did come down, and bought the property from said Holland for $7,000, then the verdict must be for the plaintiffs for $350, with interest from the date of sale." The defendant duly excepted to the giving of this charge, and also separately excepted to the refusal of the court to give each of the following written charges requested by him: (1.) "If the jury believe all the evidence in this case, they should return a verdict for the defendant." (2.) "If the jury believe all the evi- in this case, they should return a verdict for the defendant under the first count of the complaint." (4.) "If the jury believe all the evidence in this case, they should return a verdict in favor of the defendant under the third count of the complaint." (6.) "The court charges the jury that the plaintiffs can not recover anything in this action by the contract dated June 20, 1889, between Howard Brothers and John Holland, and that if they find from the evidence that such contract of June 20, 1889, was not renewed, or its provisions extended by

[Holland v. Howard Brothers.]

the agreement of both Howard Brothers and John Holland, then said contract expired by its own terms on the 20th day of August, 1889, and in order for the plaintiffs to recover in this suit, there must have been a new agreement between them and John Holland, and that in order to support such new agreement, there must have been some consideration passing from the said Howard Bros. to the said John Holland; and if the jury believe from the evidence that, after the written contract had expired, the plaintiffs requested John Holland to execute a new written contract with them for sixty days, which the said John Holland declined to do, and stated in substance to the plaintiffs, that they were already entitled for what they had done to their commissions in case the lands were sold by him for $1,000 or $10,000 or any other sum, that he thought the letter which one of the firm of Howard Bros. had written to Green and had read over to Holland offering the lands at a lower price would bring Green and Southworth, or either of them down from Illinois to Florence, and that if it did Howard Bros. could step aside and let Holland deal with the purchasers, and promised to pay them their commission of five *per cent*, if he had made a sale, then such a promise by John Holland was without consideration, and the plaintiffs can not recover in this action, and your verdict should be in favor of the defendant."

The jury returned a verdict in favor of the plaintiffs for $453.80. Thereupon the defendant moved the court to set aside the verdict of the jury, and grant him a new trial, on the grounds: that the court erred in giving the charge requested by the plaintiff, and refusing to give the charges requested by the defendant; and the verdict of the jury was contrary to the law, and to the evidence. The other ground of the motion is set out in the opinion. The court overruled this motion, and the defendant duly excepted. Judgment was rendered for the plaintiff, and the defendant appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

THOS. R. ROULHAC, EMMET O'NEAL and PAUL HODGES, for appellant.—1. A promise made in consideration that another do a service, which he has already undertaken to do, can not sustain an action therefor.—*Johnson v.*

*Sellers*, 33 Ala. 269; *Burkham v. Mastin*, 54 Ala. 122; *McCaleb v. Price*, 12 Ala. 754; *Barron v. Vandvert*, 13 Ala. 232; *Clark v. Jones*, 85 Ala. 132; 6 Wait's Ac. & Def. 569; 3 Amer. & Eng. Encyc. of Law, 834; 1 Addison on Contracts, pp. 10, 11, §§ 3, 4.

2. Every contract must be supported by a valid consideration, and that consideration must consist of a present or future act; a past act can not serve a consideration for a promise.—3 Amer. & Eng. Encyc. of Law, pp. 838, 840–1; 1 Addison on Contr., § 13, n. 1; 1 Hilliard on Contr., 253; *Holt v. Robinson*, 21 Ala. 111; *Thompson v. Hall*, 16 Ala. 209; *McCravey v. Todd*, 66 Ala. 325; *Turlington v. Slaughter*, 54 Ala. 197; *Bestor v. Roberts*, 58 Ala. 333; *Jackson v. Jackson*, 7 Ala. 793; *Grimball v. Mastin*, 77 Ala. 561; *Anderson v. Bellenger*, 87 Ala. 339; *Clark v. Jones*, 85 Ala. 131.

3. A broker is never entitled to commissions for unsuccessful efforts. The risk of failure, both as to his personal labors and business expenditures is wholly his. The reward comes only with success.—*Sibbald v. Bethlehem Iron Co.*, 83 N. Y. 378; s. c. 38 Amer. Rep. 44; *McGavock v. Woodlief*, 20 How. 221. The condition of such agency being that the agent sell, or find a purchaser, ready, willing and able to buy on terms proposed, if he did not do so, he has not made a performance of his contract.—*Walker v. Tirrel*, 101 Mass. 257; s. c. 3 Amer. Rep. 353; *Earp v. Cummins*, 54 Pa. St. 394; s. c. 93 Amer. Dec. 718; *Darrow v. Harlow*, 21 Wisc. 302; s. c. 94 Amer. Dec. 541; *Birmingham Land Co. v. Thompson*, 86 Ala. 146. He must do so within the time prescribed in his contract, or he can not recover commissions.— *Beauchamp v. Higgins*, 20 Mo. App. 514; *Fultz v. Wimer*, 34 Kan. 576. And if no fixed time is named in the contract, the vendor may revoke the authority at will, or sell independently.—*Sibbald v. Bethlehem Iron Co.*, 38 Amer. Rep. 446; *Doonan v. Ives*, 73 Ga. 295; *Henderson v. Vincent*, 84 Ala. 100; *Chambers v. Seay*, 73 Ala. 372; *Borst v. Simpson*, 90 Ala. 373. This whole case is well stated in the note, found on page 586 of 2 Amer. & Eng. Encyc. of Law.—*Fultz v. Wimer*, 34 Kan. 576; *Coleman v. Meade*, 13 Bush. (Ky.) 358; *Charlton v. Wood*, 11 Heisk. (Tenn.) 19.

SIMPSON & JONES, *contra*.

[Holland v. Howard Brothers.]

COLEMAN, J.—The appellees, Howard Bros., commenced this action to recover compensation for services rendered as real estate agents in procuring a purchaser of a farm belonging to the defendant. The first and third counts are based upon an agreement to pay for certain services to be rendered by the plaintiffs. The second and fourth counts are in the ordinary form for services rendered.

A demurrer to a complaint as a whole, consisting of good and bad counts, is properly overruled. We do not decide that either of the counts of the complaint is defective, but the demurrer is to the complaint, and the grounds of the demurrer stated are to be found only in certain counts of the complaint. The court did not err in overruling the demurrer. The other assignments of error, apply to the charge given for the plaintiff, and to charges requested by the defendant which were refused, and the overruling of defendant's motion for a new trial. There was evidence on the part of the plaintiff tending to support every fact upon which the instruction given for plaintiff, was predicated. We find no error of law asserted in this charge. If defendant believed the charge to be misleading in any respect, he should have prepared an explanatory charge. The court did commit a reversible error in giving this charge to the jury. What we have said is sufficient to show, that the affirmative charges Nos. 1, 2 and 4 requested by the defendant, were properly refused. Charge No. 6, requested by the defendant, is argumentative and misleading, and when referred to the evidence, is erroneous in law. The court did not err in refusing this charge.

There were several grounds stated, in the application for a new trial. Most of them have been disposed of by what has been said respecting the charges. One of the grounds is, that the jury did not read all the written evidence taken out by them in their retirement to consider their verdict. It is enough to say, without passing upon the sufficiency and competency of the question, that there is no proof to support the statement. The other was that the verdict was contrary to the weight of the evidence. It may be that, sitting as a jury, our verdict would have been different from that rendered. In trials of courts of law, parties have the constitutional right to have the facts passed upon by a jury. This

[Hawkins v. Armour Packing Co.]

court has no authority and no desire to trench upon their constitutional rights. The judge who presided, had the witnesses before him and heard their testmony. The rule which we have declared applicable to appeals from an order of the trial court, refusing a new trial, is, "that the decision of the trial court, will not be reversed unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."—*Cobb* v. *Malone & Collins*, 92 Ala. 630. Applying this rule to the facts of the case we feel constrained to let the verdict stand.

Affirmed.