# Perry & Co. *et al.* v. King.

## *Action on a Detinue Bond.*

1. *Verdict and judgment; recital in judgment as to appearance conclusive.*—Where in the entry of a judgment it is recited that the parties appeared by their attorneys and issue was joined, the appearance of either of the parties can not be disputed on motion to set aside the judgment; the record entry being conclusive in such case.

2. *Same; conclusiveness of evidence.*—A verdict on the merits is final and conclusive between the parties, not only as to the facts litigated and decided, but also as to all facts involved in the issue.

3. *New trial; when order of trial court refusing motion will not be reversed.*—The Supreme Court will not reverse an order of the trial court refusing to grant a new trial, on the ground that the evidence is not sufficient to support the verdict, and the verdict is contrary to the evidence, unless after allowing all reasonable presumption of its correctness, a preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.

APPEAL from the Circuit Court of Tuscaloosa.

Tried before the Hon. S. H. SPROTT.

The appellee, E. R. King, brought the present action against the appellants, H. W. Perry & Co. and others, to recover damages for the breach of a detinue bond. In this action there was a judgment for the plaintiff, and the judgment entry was as follows: "This day came the parties by their attorneys and issue being joined, now comes a jury of good and lawful men, to-wit, H. H. Cribbs and eleven others, who being duly empannelled and sworn and charged according to law upon their oaths do say: We the jury find for the plaintiff, and assess the damages at $75. It is therefore considered by the court that the plaintiff have and recover of H. W. Perry & Co. *et al.* the sum of $75, the damages assessed by the jury together with the costs in this behalf expended, for which let execution issue." After the rendition of this judgment, at the same term of the court, the defendants made a motion to vacate and set aside said judgment and to be granted a new trial. The grounds of this motion were as follows: "1. Because the verdict is contrary to the law and evidence. 2. Because defendants' counsel, Wm. C. Fitts, was necessarily absent from court when said judgment was rendered and it was taken by plaintiff's attorney under a mistaken idea as to the terms of an understanding whereby the cause was to be settled, and as rendered the judgment does not conform to the proposed agreement. 3. Because the verdict and judgment are in excess of the proposed agreement and not authorized or agreed to by the defendants, and because the verdict and judgment are the result of a mistake and misunderstanding on the part of the defendants and their said coun-

[Perry & Co. *et al.* v. King.]

sel, W. C. Fitts, December 7, 1896. 4. That the defendants have already paid the costs in the suit in which the bond, on which this action was founded, was made. 5. That the property mentioned in said bond belongs to these defendants. 6. That the defendants were prevented from making their defense in this case by reason of the unavoidable and necessary absence of their attorney at the time the case was called for trial. 7. Because the suit, in which said bond was given, has not been tried and disposed of, and the said defendants have not failed therein." Upon the hearing of this motion, it was shown that no appearance was made or entered in said cause for defendants, that no demurrer or plea was filed therein, and that on the day the judgment was rendered neither the defendants nor their attorney was present. There was also introduced in support of said motion the affidavit of Wm. C. Fitts, in which the affiant stated that he was counsel for the defendants in said cause and that the judgment was entered in his absence, which was unavoidable; that the affiant agreed that there might be a judgment for $70, and that the judgment for $75 was without his consent; that said agreement for $70 is unsatisfactory to his clients and was made without their authority. There was also filed the affidavit of one of the firm of H. W. Perry & Co., in which said affiant stated that the property for the recovery of which the bond sued on was given, belonged to the defendants, and the plaintiff had no right, title or interest therein, and that the defendants had the right to set up said fact in the trial of the action upon the bond, in mitigation of any damages the plaintiff may have sustained.

Upon the hearing of all the evidence, the court overruled the motion, and declined to grant a new trial. From this judgment the defendant appeals, and assigns the rendition thereof as error.

WHITE & HOWZE and FITTS & FITTS for appellants. The rule that the recitals in the record of the court that the parties appeared, or of any other fact, are conclusive, does not apply to a motion for a new trial which is made at the term at which the judgment was rendered or the entry made. Until the court adjourns, its records are in the breast of the court and can be and may be

[Perry & Co. *et al.* v. King.]

set aside or modified during the term.—*Desribes v. Wilmer*, 69 Ala. 25.

The rule that a verdict on the merits is final and conclusive between the parties does not apply to an application for a new trial. If it did, there could be no such thing as the granting of a new trial.—*Chamberlain v. Gaillard*, 26 Ala. 504; *Haas v. Taylor*, 80 Ala. 459.

JONES & BROWN, *contra*.—There is but one point in this case, and that is this : Where after due and legal service, a defendant fails to make any appearance or defense, in any way whatever, and, instead of a judgment by default with writ of inquiry, the court gives the plaintiff a judgment by jury and verdict, is there reversible error? That is what was done in this case. We respectfully insist that there is no error of which the defendants can complain. They had "more consideration in the court below than they were entitled to." *McLaren v. Anderson*, 81 Ala. 106 ; *Hudson v. Wood*, 102 Ala. 631; *Fertilizer Co. v. Hinson*, 103 Ala. 532 ; *Glass v. Paulk*, 83 Ala. 405 ; *Elyton Land Co. v. Morgan*, 88 Ala. 434; *Kelly v. Owen*, Minor, 252 ; *Darwin v. Tuscumbia C. & D. R. R. Co.*, 4 Port. 160 ; *Drake v. Johnston*, 50 Ala. 1.

HARALSON, J.—The judgment in this case was not by default nor *nil dicit*, but on the verdict of the jury. The entry recites, that the parties appeared by their attorneys and issue being joined, came a jury of good and lawful men, who being duly sworn upon their oaths said, "We the jury find for plaintiff, and assess the damages at $75." Judgment was rendered on this finding. The entry shows an appearance, and on motion to set it aside, the appearance cannot be disputed. The record is conclusive in such case.—*Newton v. Ala. Mid. Railway Co.*, 99 Ala. 468 ; *Pettus v. McClannahan*, 52 Ala. 35 ; 2 Brick. Dig. 140, §§ 137–140.

It is well settled, that when rendered, a verdict on the merits is final and conclusive between the parties, not only as to facts actually litigated and decided, but also as to all facts necessarily involved in the issue, (*Chamberlain v. Gaillard*, 26 Ala. 504 ; *Haas v. Taylor*, 80 Ala. 459) ; and, unless affirmatively shown to be wrong, the

presumption of the correctness of the judgment of the primary court arises.—1 Brick. Dig. 781, § 120.

There were two motions made to set aside this verdict, and judgment, rendered on the 25th of November, 1896, and grant a new trial, each filed the same day,—the 7th of December, 1896,—the first by Fittts & Somerville, attorneys, appearing specially for the motion, and the second, by Wm. C. Fitts, attorney for defendants.

The complaint setting out the instrument sued on,—a detinue bond given by defendants in another suit,—appears in the transcript, but what evidence was introduced on the trial of the cause, resulting in a verdict and judgment for the plaintiff, does not appear. On the trial of the motion to set aside that verdict and judgment, the overruling of which is here assigned as error, it is observable, that the affidavits submitted on the motion and the other evidence, related to facts occurring prior to the rendition of the judgment, some of which might have been competent evidence on the trial of the cause. The court overruled the motions, and this ruling is assigned as error.

The application for a rehearing was not made under section 2872 of the Code, but under the act of February 16th, 1891, relating to appeals from decisions of the city and circuit courts granting or refusing motions for new trials (Acts, 1890–91, p. 779). Under this act, as we have repeatedly held, this court will not reverse an order refusing a new trial on the ground that the evidence is not sufficient to support the verdict, or that the verdict is contrary to the evidence, "unless after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."—*Cobb v. Malone,* 92 Ala. 630; *Holland v. Howard,* 105 Ala. 538.

Having regard for the conclusiveness of the judgment, as to the facts litigated or that might have been litigated, within the issues, and the presumption as to the correctness of the ruling of the primary court, until error is affirmatively shown, we are constrained to hold that the evidence relied on in this motion is not sufficient to justify us in the conclusion that the court erroneously denied it. There is no preponderance of evidence to show that the verdict was clearly wrong and unjust.

**Affirmed.**