# Cottingham v. Hill.

## *Ejectment.*

1. *Deeds; parol evidence in aid of description.*—The description of a parcel of land as one acre, a part of a forty-acre tract, "upon which the school house is to be built," is not void for uncertainty. Parol evidence is admissible to identify the lands conveyed.
2. *Description in complaint.*—When a description in plaintiff's muniment of title is defective, requiring a resort to parol evidence to identify the premises, the complaint should not follow the description in the deed, but should describe the land more definitely, averring the facts established by such extrinsic proof.

APPEAL from Bibb Circuit Court.

Tried before Hon. JOHN MOORE.

The appellees sued the appellants to recover a parcel of land, which was described in the complaint the same as in plaintiffs' deed. This description and all the facts sufficiently appear in the opinion of the court. The case was tried on an agreed statement of facts. From a judgment for plaintiffs, defendants appeal.

J. M. McMASTER, for appellants.—Plaintiffs' deed is void for uncertainty in the description of the lands.—2 Devlin on Deeds, 1010, 1011; *Wofford v. McKenna*, 76 Am. Dec. 53; *Howard v. North*, 51 Am. Dec. 769; Rule 28 Elphinstone's Inter. of Deeds; *Wilkins v. Roper*, 74 Ala. 140; *Wann v. Taylor*, 4 Jones (N. C.) 272; 69 Am. Dec. 750; *LeFranc v. Richmond*, 5 Sawy. 601. The ambiguity or defect is patent, and parol evidence is not admissible to explain. Rule 23 Elphinstone's Inter. of

23

Deeds, *Thompson v. Lunsford,* 92 Ala. Devlin on Deeds, 1011, *Brown v. Guice,* 46 Miss. 299.

HOGUE, LAVENDER & FULLER, *contra.*—Under the rules of construction established by the decisions of this court, plaintiffs' deed was not void for uncertainty. Parol evidence was admissible.—*Rogers v. Peebles,* 72 Ala. 529; 61 Ala. 80; 19 Ala. 680; 90 Ala. 456; 85 Ala. 80; 88 Ala. 397; *Clements v. Pearce,* 63 Ala. 392; 65 Ala. 267; 72 Ala. 42; *Ib.* 204; 78 Ala. 116; *Chambers v. Ringstaff,* 69 Ala. 140; *Meyer v. Mitchell,* 75 Ala. 475; *Webb v. Ely ton Land Co.* 18 So. 178.

COLEMAN, J.—The appellees sued in ejectment to recover an acre of land. Plaintiffs and defendants claim from a common source, the plaintiffs' deed having been executed first. There is no controversy as to the facts. The contention is whether plaintiffs' deed is void for want of a sufficient description of the land, and whether parol evidence was admissible to identify the land. The deed describes the land as follows: "One acre of land situated on the old Columbiana and Centreville road, on which the school house is to be built, and more particularly described as part of N. W. ¼ of N. W. ¼ of section 9, township 22, range 6 west, in Bibb County, Ala." The parol proof offered in connection with this deed was, that prior to its execution, the grantors and grantees measured an acre of land, in shape square, with the road as a base, and cleared the same for the purpose of erecting a school house thereon; that the deed was executed describing it as above shown; that shortly after its execution, the school house was erected on the acre and has remained there ever since, and that the grantor owned no other acre in said forty acres upon which a school house was to be built. The question presented is, whether it is competent to show these facts by parol to identify the land in aid of the description in the deed. If the deed had described the land as the "school house lot," under several decisions of this court it would be upheld, if by parol proof the acre could be identified as the school house lot, and upon the same principle we are of opinion, that the words "upon which the school house is to be built," would let in parol proof to identify it. This court has gone as far as any other, in admitting

[Frederick v. Wilcox.]

parol evidence to sustain the validity of deeds, assailed upon the ground of indefiniteness in the description of the land, but the rule which we have adopted promotes justice, and does not open the door to fraud and perjury. In all cases, the writing has been sufficient to show a *bona fide* sale and conveyance was intended by the parties, and where this appears, no injustice results, if by parol evidence the precise property intended to be conveyed can be clearly identified.—*Chambers v. Ringstaff*, 69 Ala. 140; *Homan v. Stewart*, 103 Ala. 644; *Webb v. Elyton Land Co.*, 105 Ala. 471. No objection was raised to the complaint on account of the indefinite description of the land. In fact the record shows, that the parties agreed, that if the deed by the plaintiffs should be upheld as valid, judgment should be rendered for the plaintiffs. Under this agreement of counsel, the judgment of the circuit court must be affirmed.

It would have been better had the complaint described the acre of land more definitely, averring the facts, established by extrinsic proof. The judgment of the court, following the complaint, would then have been certain and definite as to the acre of land recovered. *Clement v. Mathis & Co.*, 108 Ala. 211; *Clements v. Pearce*, 63 Ala. 284. We presume, however, from the agreement of the parties, that they desired only an adjudication of the question of the validity of the deed, and the admission of parol evidence to identify the land.

Affirmed.