147 So. 132

## EZZELL v. RICHARDSON et al.
### 8 Div. 405.

Supreme Court of Alabama.

March 23, 1933.

GARDNER, Justice.

The purpose of the amended bill is the foreclosure of a real estate mortgage executed in February, 1914, by Robert L. and William T. Richardson to John T. and Laura O. Ezzell. Ezzell v. Richardson, 221 Ala. 346, 128 So. 783. The execution of this mortgage arose out of the purchase of the land described therein by the mortgagors from the mortgagee for the sum of $1,500 of which $500 were paid in cash and the mortgage was security for the remainder, divided into four promissory notes of $250 each. The first two notes were paid during the lifetime of the mortgagees. Complainant is their daughter, and claims the mortgage and the remaining notes by way of gift from the father.

Several issues were presented by the answer and cross-bill. Two of them relate to the quantity and interest in the land forming the consideration of the sale and mortgage. A consideration of other issues may be pretermitted. All of the land conveyed was in section 26, township 6, range 23, Franklin county. A plat of property, shown to be correct, is set out in the record, disclosing what is known and referred to as the Indian boundary line, running through the western portion of N. W. ¼ of N. E. ¼, as well, also, S. W. ¼ of N. E. ¼. One Hester is shown to own the N. W. ¼ of N. E. ¼, and the 40 west of Hester is that of one Cooper, who also owns the 40 west of the S. W. ¼ of N. E. ¼. The purchasers (who were the nephews of John T. Ezzell) insist that the small strip of land (containing some 6 to 9 acres as estimated) on the west side of the Indian boundary line in the N. W. ¼ of N. E. ¼ of said section 26, was and is included in their conveyance, and they have never gotten possession of it, though John T. Ezzell often promised to obtain possession for them. There is evidence sustaining the view the value of this strip of land was equal to the balance claimed to be due by complainant on the remaining notes.

The second issue relates to the mineral interest in the land. The deed purports to convey the property in fee simple, and contains warranty of title. But as to 80 acres, the mineral interest had been sold to others, and is now owned by the Sloss Company. The purchasers insist this mineral interest was of material value, which should be set off against any claimed balance on the purchase price.

Recurring to the first noted issue, complainant insists the deed is not subject to a construction which would include the small strip in the N. W. ¼ of N. E. ¼, and that such conveyance may not be varied by parol proof; citing Corley v. Vizard, 203 Ala. 564,

84 So. 299; Alger-Sullivan Lumber Co. v. U. T. Co., 207 Ala. 138, 92 So. 254.

But we cannot agree to this construction of the deed. As we read it, the following part of the description, "West fraction West of Indian Line bounded on West by W. E. Cooper," is complete within itself, and separate and apart from the other. Complainant would have this description confined to the S. W. ¼ of the N. E. ¼, but it just as fully covers also the strip on the west of the Indian boundary line in the 40 above, and as to each Cooper bounded on the west. Complainant's contention would limit the above-noted descriptive words, but we find no such limitation in the language itself. At the most in complainant's favor, it may be said there is some ambiguity. If so, the parol proof offered to the effect the parties at the time of the purchase went on the land and John T. Ezzell showed the purchasers what they were buying, including this strip, was proper to be considered. Cottingham v. Hill, 119 Ala. 353, 24 So. 552, 72 Am. St. Rep. 923; Reynolds v. Shaw, 207 Ala. 274, 92 So. 444; East v. Karter, 215 Ala. 375, 110 S. E. 610.

And the fact that a short time after the sale Ezzell brought a suit in ejectment against Hester, in an unsuccessful effort to procure this strip and deliver possession to the purchasers, adds confirmation to this proof. But, as previously noted, the description as written in the deed was broad, plain, and unambiguous, and as written embraces this strip, and we are unable to find the language limiting its effect, as contended by complainant.

We are persuaded the purchasers have established this defense on this issue. So, likewise, as to the mineral interest. Deeds conveying the mineral to others, antedating this sale, were on record, but the purchasers were not informed of this fact, and only learned of it a few years prior to the filing of the bill. There was therefore a severance of the mineral interest, followed by a mere nonuser which did not affect the title of the owner of such interest. And the possession of the surface by the purchasers was not the possession of the mineral estate. Hooper v. Bankhead & Bankhead, 171 Ala. 626, 54 So. 549; Driver v. Fitzpatrick, 209 Ala. 34, 95 So. 466.

We find nothing in Moore v. Empire Land Co., 181 Ala. 344, 61 So. 940, that would militate against this defense of these purchasers.

Complainant insists that, in any event, the value of the mineral is not shown. We interpret the testimony of witness Devaney on direct examination as disclosing his judgment that the mineral interest was worth $25 per acre. The cross-examination weakened, but did not destroy, this proof, and demonstrated the difficulties of estimating with any great

degree of satisfaction the actual value unless the property was in fact "opened up," to use the language of the witness.

■ It appears, therefore, that these purchasers have established a failure of consideration as to the strip of land in the N. W. ¼ of N. E. ¼, and as to the mineral interest in the 80 acres, and that the loss thereby sustained is sufficient to meet and overcome the balance claimed to be due on the mortgage debt.

Any other questions disregarded, this justifies the denial of relief to complainant in the decree rendered, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.