174 So. 620

### McKAY et al. v. LUNSFORD.

### 4 Div. 919.

Supreme Court of Alabama.

May 20, 1937.

. L. A. Farmer, of Dothan, for appellants.

W. L. Lee, of Dothan, for appellee.

GARDNER, Justice.

Complainant owns and is in possession of certain lands adjoining that of defendants, which they acquired through purchase from the Federal Land Bank. A dispute arose as to the boundary lien, and the said bank, yet unpaid and therefore interested, through its agent attempted an adjustment, which effort resulted in an agreement of all parties concerned as to the location of the line. The agreement was duly signed and attested, and appears as Exhibit A to the bill.

The bill alleges and the proof shows the necessity for such line to be established that complainant might have access to a public road.

Pursuant to this written agreement, the line was run, and the fence built as contemplated thereby. The bank, at an expense of $75, furnished the wire and defendants themselves erected the fence, but soon thereafter became dissatisfied, insisting the fence was placed by mistake, and erected barriers preventing the use by complainant. The line as thus established, and the fence erected thereon, took from complainant, and gave to defendants, 2½ or 3 acres of pasture land, of which he had been in possession under claim of ownership a number of years. The execution of the written agreement was in no way questioned, with no pretext of fraud or misrepresentation or mutual mistake.

The case was submitted on the bill as amended, the answer thereto, and the proof

offered by the respective parties, resulting in a decree protecting complainant's rights under this agreement and establishing the line as fixed therein.

█ Defendants insist that the description in the written agreement is so vague and uncertain as to render it void and ineffective. But in this jurisdiction a liberal application of the maxim, "That is certain which may be made certain," has been favored (Karter v. East, 220 Ala. 511, 125 So. 655; Ezzell v. Richardson, 226 Ala. 345, 147 So. 132; Cottingham v. Hill, 119 Ala. 353, 24 So. 552, 72 Am.St.Rep. 923); and we think it clear enough the application of this maxim here suffices to demonstrate, in the light of the above-noted authorities, defendants' insistence in this regard is untenable. Indeed, the erection of the fence by defendants on the line, as thus described, adds force to this conclusion.

█ On the merits defendants argue the fence was mistakenly placed (giving full credit to the written agreement), for the reason the designated point of the northwest corner of the church lot was incorrectly located at the time. But we think the great weight of the evidence is to the contrary, and tends to show not only the correct location of the corner, but that defendants themselves pointed its very location.

Defendants make reference to a survey some two years previous by one Richards, and that according to that survey this church corner would be some 16 feet further north. They insist, therefore, the line should have been fixed and the fence erected in harmony with that view. But we think it clear from the proof no reference was made by the parties to any such survey at the time. And it appears the church corner they insist upon is in the field of one Taylor, separated from the church property by a fence for some forty years, with the fence still standing.

█ We are persuaded, therefore, that the parties properly fixed the location of the church corner, which was the corner pointed out and agreed upon at the time of the location of the line. Our decisions are to the effect that "a survey of lands intended to locate the boundary between adjoining lands, followed by acquiescence and possession by both adjoining owners to the line thus located, is evidence of the verity of such line; and prima facie establishes same as a true line, without regard to the statute of limitations," Baldwin v. Harrelson, 229 Ala. 469, 158 So. 416, 417; Oliver v. Oliver, 187 Ala. 340, 65 So. 373; Cooper v. Slaughter, 175 Ala. 211, 57 So. 477; Smith v. Cook, 220 Ala. 338, 124 So. 898, and this prima facie establishment of the line is not overcome by a subsequent reference to a former survey not alluded to at the time, and the correctness of which is not otherwise established.

The case has in it elements of estoppel, upon the facts previously outlined (9 Corpus Juris 235; Smith v. Cook, supra), but consideration of that phase is not necessary, in view of the valid and binding written agreement of the parties, which, we think, has been executed by them in full accordance with its terms.

Considered in all its aspects, we are persuaded complainant's proof fully justified the decree rendered, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.