2 So.2d 109

**McKAY et al. v. LUNSFORD.**

4 Div. 106.

Supreme Court of Alabama.

April 17, 1941.

Rehearing Denied May 22, 1941.

L. A. Farmer, of Dothan, for appellants.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellee.

GARDNER, Chief Justice.

The bill seeks injunctive relief against obstruction of an easement or right of way, and from the decree granting relief sought defendants ·prosecute this appeal.

The lands of the parties adjoin and on a former appeal (McKay et al. v. Lunsford, 234 Ala. 180, 174 So. 620), it was noted that the line between them had by written agreement been fixed and established, and this agreed line was here given full force and effect. In the above cited case relief was granted complainant as for obstruction of the right of way on one forty acres described in the decree as the NW¼ of SE ¼, Sec. 7, T., 2, R. 26, Houston County, Alabama. In the present suit relief is awarded against any obstruction of the right of way consisting of a strip of land sixteen feet wide and lying on the north side of the NE¼ of SE¼, Sec. 7, T. 2, R. 26, Houston County, Alabama.

The submission of the present cause for final decree was rested in a large part upon the proof considered in the former litigation, with some additional testimony. The decree rendered appears not to be here contested upon the finding of facts by the chancellor. The insistence for reversal is rested upon the theory the former litigation constitutes res adjudicata ' and this theory is rested in turn upon the contention that the written agreement referred to on former appeal was sufficiently extensive to include the present forty acres and the cases of Tankersly v. Pettis, 71 Ala. 179; Wood v. Wood, 134 Ala. 557, 33 So. 347; Terrell v. Nelson, 199 Ala. 436, 74 So. 929; Perry v. King, 117 Ala. 533, 23 So. 783, are cited in support of this argument.

▮▮ The burden was, of course, upon defendants to establish the plea, and the mere record of the former proceedings is insufficient for this purpose. The lands or subject matters of the two suits are not the same, and the chancellor states that the trespass complained of in the present suit was admittedly committed by respondents subsequent to the rendition.of the judgment or decree in the former case, and that subsequent to the date of said former decree "the respondents have obstructed aforesaid right of way in an effort to prevent its use by complainant for aforesaid purpose".

It is clear enough, therefore, under these circumstances there is no foundation for a plea of res adjudicata. 34 C.J. 811; Allison v. Little, 93 Ala. 150, 9 So. 388; Phillips v. Thompson, 3 Stew. & P. 369; Pruitt v. Holly 73 Ala. 369; Strauss v. Meertief, 64 Ala. 299, 38 Am.Rep. 8.

The only defense interposed in the court below and here argued in brief relates to the plea of res adjudicata. As we are of the opinion this defense was not established by the proof, it results that the decree is due to be affirmed. It is so ordered.

Affirmed.

THOMAS, BROWN, and FOSTER, JJ., concur.