# O'Neal *v.* Seixas.

*Bill in Equity for Reformation and Foreclosure of Mortgage.*

1. *Description of lands in mortgage; parol evidence in aid of.*—Where the lands conveyed by a mortgage are therein described as "a lot of land near Florence, north of the Fair Grounds, containing thirty-five (35) acres, more or less," the description is not void for uncertainty, but may be aided by parol evidence identifying the particular tract as the only one then owned by the mortgagor in that neighborhood; and the identificaton may be sufficient without proof of the delivery of possesson

2. *Registration of equitable mortgages.*—A written instrument given as security for a debt, containing no words of conveyance *in præsenti,* and operative only as an equitable mortgage, is "an instrument in the nature of a mortgage" (Code, 1886, § 1810), the due registration of which operates as constructive notice to subsequent purchasers. (Overruling *dictum* in *Bailey* v. *Timberlake,* 74 Ala. 221.)

3. *Who is bona fide purchaser.*—A purchaser from one who is not in possession, and who has no title, is not entitled to protection against secret equities, as a *bona fide* purchaser of the legal title; nor is the grantee in a quit-claim deed entitled to such protection.

4. *Assignment of note secured by mortgage.*—The transfer of a note secured by mortgage, by delivery merely, without writing, operates as an equitable assignment of the mortgage itself, and authorizes the tran-ferree to file a bill in equity to foreclose the mortgage.

5. *Conveyance by husband to wife, on consideration of rents and profits of statutory estate received and used.*—A conveyance of land by the husband, to the wife directly, conveys only an equitable estate, and is void at law; and the recited consideration being the rents and profits of the wife's statutory estate, received and used by the husband, the deed is fraudulent and void as against his existing creditors.

6. *Statute of limitations. as defense to bill for foreclosure of mortgage.* To defeat a bill for the foreclosure of a mortgage on land, a purchaser from the mortgagor must show ten years adverse possession, open, notorious, and uninterrupted; and the defense must be made by plea or answer, unless the facts appear on the face of the bill.

7. *Parties to bill; administrator of wife, claiming under deed from husband subsequent to mortgage sought to be foreclosed.*—Under a bill to reform and foreclose a mortgage executed by the husband, on lands which he afterwards conveyed to his wife, both of them being dead, her personal representative is not a necessary party to the bill.

APPEAL from the Chancery Court of Lauderdale.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 24th May, 1887, by Henry O. Seixas, against Emmet O'Neal and the heirs at law of Neander H. Rice and his wife, both deceased; and sought to reform, by correcting and perfecting the description of the

[O'Neal v. Seixas.]

lands conveyed, a mortgage, or a written instrument in the nature of a mortgage, executed by said N. H. Rice while in life, and to foreclose the same by a sale of the property. The instrument sought to be foreclosed as a mortgage, a copy of which was made an exhibit to the bill, dated August 24th, 1875, was signed by said N. H. Rice, attested by two witnesses, and in these words: "For and in consideration of the sum of $160.25, with interest, which I am indebted to Isaacson, Seixas & Co., of New Orleans, La., I hereby agree that, if said debt shall not be paid on or before the 1st January, 1876, to turn over to them a lot of land near Florence, north of the Fair Grounds, containing thirty-five (35) acres, more or less; to be sold by said Isaacson, Seixas & Co., or their attorneys, for the satisfaction of said debt, and the excess, if any, after the payment of said debt, to be refunded to the undersigned." The complainant was a member of the firm of Isaacson, Seixas & Co., and he alleged in his bill "that said indebtedness of said N. H. Rice to said firm, and said mortgage given to secure the same, have been transferred to him for a valuable consideration, and he is now the sole owner of said debt and mortgage." The mortgage was duly recorded on the 25th August, 1875.

On the 1st March, 1876, said N. H. Rice conveyed said tract of land, with other lands, to his wife, Mrs. Lucy E. Rice, on the recited consideration of an indebtedness in the sum of one thousand dollars, "for moneys received since the year 1867 in the way of rents and profits collected out of her separate estate." This deed was duly recorded, and a copy of it was made an exhibit to the bill. Mrs. Rice died in March, 1882, having executed her last will and testament, which was proved and admitted to probate soon after her death; and by which she devised said tract of land, with other property, to her husband for life, with remainder to their children. N. H. Rice died in February, 1886, intestate, and leaving no property; and it was alleged that administration had never been granted on his estate. It was alleged, also, that said Rice and wife left no children who survived him, but several grandchildren, who were made defendants to the bill; and it was alleged that they were in possession of the tract of land mentioned in the mortgage. Administration on the estate of N. H. Rice was afterwards granted to J. C. Conner, and he was brought in as a defendant.

Emmet O'Neal was made a defendant to the bill, under an allegation that he "claims an interest in said land, or

claims to be the owner thereof, under a deed executed to him by one N. L. Crow;" and it was further alleged that said Crow "had no title to said land, and was not in possession thereof; that his only claim was based on a verbal agreement to purchase from said N. H. Rice, which was never consummated, the purchase-money never having been paid, and no conveyance executed by said Rice to said Crow;" and that "said verbal agreement to purchase was made long subsequent to the execution of said mortgage, and subsequent to the execution of said deed by said Rice to his wife." The conveyance by Crow to said O'Neal, a copy of which was made an exhibit to the bill, was in form a quit-claim deed, dated January 8th, 1886, and recited a consideration of $25 paid.

A demurrer to the bill was filed by O'Neal, alleging thirteen specific grounds of demurrer, the principal of which were, that the mortgage was void for uncertainty in the description of the land intended to be included; that there was no averment of the delivery or surrender of possession; that relief was, on the averments of the bill, barred by *laches*, and by the statute of limitations of ten years; that the bill did not aver a transfer in writing of the mortgage, and a verbal transfer was ineffectual to confer a right to file the bill, and that said O'Neal and Crow were *bona fide* purchasers without notice. The chancellor overruled the demurrer, and his decree is now assigned as error.

E. A. O'NEAL, for the appellant.

SIMPSON & JONES, *contra*.

SOMERVILLE, J.—1. The land is described in the mortgage of the complainant as "a lot of land near Florence, north of the Fair Grounds, containing 35 acres, more or less." A more accurate description of it is given in the bill, coupled with the averment that this was the only such lot situated in that locality, of which the mortgagor, Neander H. Rice, was seized and possessed at the time of the execution of the mortgage, on August 24th, 1875. The description is not so vague and indefinite as to be incapable of being aided by parol evidence of identification, when read in the light of the circumstances surrounding the contracting parties at the time the conveyance was made. Nor would it be necessary that the mortgagee should have been placed in actual pos-

[O'Neal v. Seixas.]

session of the premises, that being only one of the usual, but not indispensable modes, of identifying lands conveyed by uncertain terms of description.—*Chambers v. Ringstaff*, 69 Ala. 140; *Ellis v. Martin*, 60 Ala. 394; *Varnum v. State*, 78 Ala. 28; *Meyer v. Mitchell*, 75 Ala. 475; 3 Wash. Real Prop. (5th Ed.), pp. 435–436.

The first five grounds of demurrer, based on this phase of the mortgage, were properly overruled.

2. The mortgage in question did not, it is true, convey to the mortgagees the legal title, but only an *equitable* estate in the land. Yet it was "an instrument in the nature of a mortgage," and such instruments are authorized to be recorded, so as to be brought within the benefits of the registration statute; and when recorded in time, may operate as constructive notice to subsequent purchasers. This has been the law in this State since the Code of 1852, although the rule prior to that time was different.—Code, 1886, § 1810; Code, 1852, §§ 1287–1288; *Fash v. Ravesies*, 32 Ala. 451. The present statute is, in substance, the same as that in New York, which was construed, as far back as the year 1815, to embrace equitable mortgages. "The statute," it was observed, "speaks of any writing in the nature of a mortgage, and these words may reach to any agreement creating an equitable incumbrance. The design of the statute was, that every purchaser should look to the registry of mortgages, and see whether there was any mortgage, or any writing in the nature of a mortgage, previously executed by the grantor."—*Parkist v. Alexander*, 1 John. Ch. Rep. 394, 399; *Hunt v. Johnson*, 19 N. Y. 279; Thomas on Mortg. (2d Ed.), § 458; 1 Jones on Mortg., § 469. In *Pierce v. Jackson*, 56 Ala. 599, an equitable mortgage was held to be such a conveyance as was authorized to be recorded under our statutes of registration. The *dictum* to the contrary in *Bailey v. Timberlake* (74 Ala. 221, 224), ignores the present statute, and is based on decisions which arose under the old law, prior to 1852. The record of this mortgage operated as constructive notice of its contents, to all persons purchasing after its registration, including the appellant.

3. The bill also negatives the fact, that the defendant, O'Neal, acquired any title whatever to the land by his purchase from Crow on January 8th, 1886. It alleges that Crow had no title himself, and was not in possession when he made the deed. If this be true, O'Neal could not be a *bona fide* purchaser of the legal title, and nothing less will

be available against a secret equity.—*Craft v. Russell*, 67 Ala. 9. The deed to O'Neal, moreover, was a mere quit-claim; and a purchaser under this form of conveyance is held to be put on inquiry as to, and is not, therefore, protected against latent, outside equities. It stamps the acquired title as suspicious, and one who holds under it can not claim protection as a *bona fide* purchaser without notice. *Barclift v. Lillie*, 82 Ala. 319; *Derrick v. Brown*, 66 Ala. 162.

4. The transfer of the mortgage note to the complainant by delivery merely, without assignment in writing, operated as an equitable transfer to him of the mortgage by which the debt is secured, and authorized the transferree to file the present bill to foreclose such mortgage, the debt being the principal, and the mortgage its mere incident.—*Duval v. McLosky*, 1 Ala. 708; 3 Brick. Dig. 640, § 99; *Williams v. Cox*, 78 Ala. 325.

5. The assignments of demurrer, raising the question of the statute of limitations of ten years, were properly overruled. The bill fails to allege that there was any actual adverse possession of the land by Mrs. Rice, under the conveyance made to her by her husband on March 1, 1876. This deed, being based on no other consideration than that recited—the rents and income of the wife's statutory separate estate—was fraudulent and void as against existing creditors of the grantor, including the complainant.—*Early v. Owens*, 68 Ala. 171; *Wing v. Roswald*, 74 Ala. 346. The deed, moreover, being made directly from husband to wife, could create in the vendee only an equitable, and not a legal estate. It was void at law, and good only in equity.—*Bryan v. Lehman*, 67 Ala. 558.

6. Nothing could have put in operation the statute of limitations, as against the complainant, who was a mortgagee, except ten years of adverse possession by the vendee of the mortgagor, and those claiming under her, which must have been open, notorious and uninterrupted.—*Smith v. Gilliam*, 80 Ala. 401; *State v. Conner*, 69 Ala. 212; *Snedicor v. Watkins*, 71 Ala. 48; *Barclay v. Smith*, 66 Ala. 230. This fact not appearing on the face of the bill, if true, could be made to appear only by plea or answer introduced by way of defense.

7. The personal representative of Mrs. Rice had no interest in the present suit, and there was no necessity for making him a party defendant to it. She had parted with whatever

interest she had in the land, by making her will devising the premises to her husband for life, with remainder to her children. Nor had she any connection with the mortgage debt, which was exclusively that of her deceased husband, whose administrator is made a party to the bill.

The decree of the chancellor overruling the demurrer to the bill, in all its assignments, is free from error, and must be affirmed.