# Greene v. Dickson.

*Bill in Equity to Reform Conveyance of Lands.*

1 *Reformation of instrument which may be aided by parol evidence.* Courts of equity have jurisdiction to reform a written instrument even though the defect is such that it may be aided by parol, and thereby made available in defense to a suit at law; so long as a party holding under a written instrument is dependent upon parol testimony, and is exposed to the hazard of losing the benefit of his written muniment by the loss of such parol evidence, he is entitled to the aid of a court of equity to perfect the written muniment.

2. *Reformation of deed void on its face.*—A court of equity will reform a deed, void on its face for want of a definite description of the land, upon proper allegations and proof of extrinsic facts.

3. *Description void for uncertainty.*—A deed describing lands as "part" of a given quarter section, "containing eighty-eight acres," is void on its face for uncertainty of description.

APPEAL from Cherokee Chancery Court.
Tried before Hon. J. R. DOWDELL.

The case made by the bill is stated in the opinion. The chancellor sustained demurrers thereto on the following grounds: "1. Respondents demur to said bill of complaint for that J. N. Farrow who is shown to be the trustee in the alleged deed of trust shown in "Exhibit A." to complainants' bill, is a necessary party to *this suit* and he is not made a party complainant or respondent to said bill of complaint.

"2. Said bill shows on its face that the complainant is not entitled to the relief therein sought as to the lands in Sec. 4, etc., of R. 10, because the said lands alleged to have been pledged in said trust deed are only described as 'Part of the N. W. ¼ of Sec. 4, T. 9, R. 10, containing 88 acres,' and said description fails to show that said lands are in Cherokee County, Ala., and fails to show in what part of the N. W. ¼ of said Sec. 4 said lands are located and fails to furnish any kind of data by which the said 88 acres of land can possibly be located.

"3. There is no equity in said bill because it shows on its face that the said lands attempted to be described in said deed of trust are not so described that a perfect description can be based upon the recitals of said trust deed, because there are no data in said trust deed, or in the deed by the trustee, J. N. Farrow, to complainant by which the uncertain description of the lands in controversy can be rendered certain, because the said deed of trust fails to show on which side of the meridian said lands are located, and because said lands are not shown to be in Cherokee County in the State of Alabama."

DAVIS & HARALSON, for appellant, cited, *O'Neil v. Seixas,* 85 Ala. 80; *Kimball v. Rogers,* 90 Ala. 330; *Webb v. Elyton Land Co.,* 105 Ala. 471; *Myers v. Mitchell,* 75 Ala. 475; *Chambers v. Ringstaff,* 69 Ala. 140; *Witherington v. Mason,* 86 Ala. 345.

H. W. CARDEN, and C. DANIEL, *contra,* cited, *Harold v. Scott,* 72 Ala. 376; 2 Story's Eq. §1521; *Morris v. Giddens,* 101 Ala. 571; *Wilkinson v. Roper,* 74 Ala. 140; *Randall v. Baldwin,* 21 So. 420; *Williams v. Roe,* 59 Ala. 629; *Long v. Pace,* 42 Ala. 429; *Black v. Pratt C. & C. Co.,* 69 Ala. 504; *Chambers v. Ringstaff,* 69 Ala. 140.

COLEMAN, J.—The appellant filed the present bill, for the purpose of having a description of lands as made in a deed of trust, reformed and corrected and to enjoin the prosecution of a suit in ejectment, instituted by respondents to recover the possession of the lands from complainant. Courts of equity alone have jurisdiction to reform written instruments, and will always grant relief upon a proper bill, supported by sufficent proof.

Even though the defect in a deed is of such a character, that it may be aided by parol and thereby made available in defense to a suit at law, this fact does not take away the jurisdiction of the court. So long as the party holding under a written instrument is dependent upon parol testimony and is exposed to the hazard of losing the benefit of his written muniment, by the loss of such parol evidence, he is entitled to the aid of a court of equity, to perfect the written muniment. This is the better rule.

The ancestor of respondents executed a deed of trust to secure the payment of a loan of money. The deed of trust was foreclosed and complainant purchased the land and received a deed from the trustee. The land is described in the deed as part of N. W. ¼ of Section 4, Township 9, Range 10, containing eighty-eight acres, and the southeast quarter of the southeast quarter of and the northeast quarter of the southeast quarter of Section 32, T. 8, Range 10, containing altogether one hundred and sixty-eight acres. Neither county nor state is mentioned. Although under previous decisions of this court (*Chambers v. Ringstaff*, 69 Ala. 140, and cases following it), it would have been permissible in a court of law, by proof of proper extrinsic facts to have aided the imperfect description, in having omitted the county and state in which the lands are situated, the proof of these facts, resting in parol, did not take away the jurisdiction of a court of equity to reform the deed for the benefit of complainant. The important question arises, from the defective or imperfect description of the eighty-eight acres in section four, township 9, range 10. We have no doubt that on its face in a court of law, the deed would be held void, for the reason that no particular eighty-eight acres of the one hundred and sixty acres constituting the quarter section, is specified or pointed out. It does not follow, at least in this state, that because a deed is void on its face, and would be so held in a court of law, and that there is a patent ambiguity in the description, that a court of equity, under no circumstances, will receive parol evidence, and reform the instrument. In the case of *Chambers v. Ringstaff*, it was said there are "exceptional shadings of ambiguity," and by Judge STORY it is said "there is an intermediate class of cases partaking of both patent and lat-

[Greene v. Dickson.]

ent ambiguity." In the *Ringstaff Case* parol evidence was received to show that at the time of the execution of the mortgage, the mortgagor resided upon and owned a tract of land in Montgomery County, Alabama, which corresponded with the lands described in the mortgage, and that she owned no other lands at the time, and it was held that such proof remedied the imperfection which arose from an omission to state the county or state in which the lands were located. In the case of *Meyer Bros. v. Mitchell*, 75 Ala. 475, which was a bill for specific performance, the lands were described as "sixty acres of land, viz., fifty acres Comida and Cone Bottom; also ten acres hillside woodland, joining the Mitchell tract. This court said that there could be "but little doubt, that the description of the land agreed to be conveyed set out in the written agreement is void for uncertainty, standing alone, unaided by other and extraneous evidence, identifying the subject matter of the sale."

In the case cited, although the proof was sufficient to authorize relief, the case was reversed because there were no proper allegations in the bill.

In the case of *O'Neal v. Seixas*, 85 Ala. 80, a case often cited in our reports, the bill was filed for reformation of the mortgage and foreclosure. The land conveyed was described as "a lot of land near Florence, north of the Fair Grounds, containing thirty-five acres, more or less." The bill was demurred to as in the case under, consideration, upon the ground that the description of the land contained in the mortgage was too indefinite and that it was void. Commenting on the demurrer, SOMERVILLE, J., for the court used the following language: "A more accurate description of it is given in the bill, coupled with the averment, that this was the only such lot situated in that locality, of which the mortgagor was seized and possessed at the time of the execution of the mortgage. The description is not so vague and indefinite as to be incapable of being aided by parol evidence of identification when read in the light of the circumstances surrounding the contracting parties at the time the conveyance was made."

In the case of *Homan v. Stewart*, 103 Ala. 644, the lot was described as "my lot on the west side of Wilmer street, between Eleventh and Twelfth streets, and thirty-

[Greene v. Dickson.]

five feet on Wilmer street, running back one hundred feet to an alley." It was held to be one of those uncertain descriptions which may be aided by parol. See also *Webb v. Elyton Land Company,* 105 Ala. 471. Many others might be cited, but enough have been cited to the proposition, that although a deed may be void on its face for want of a definite description of the land, a court of chancery will reform the deed upon proper *allegata* of extrinsic facts, and their proof. Such averments are amendable and upon a motion to dismiss for a want of equity, these amendments must be considered as made. In the bill under consideration, after giving an accurate description of the land intended to be conveyed as averred, it alleges that at the time of the execution of the deed of trust, the property was the property of the grantors, that they were in possession of it, and during the progress of the transaction pointed out to complainant the lines and boundaries of the land, which was to be conveyed by the deed of trust. It is true that the bill does not aver, that the grantors owned no other lands in the northwest quarter of said section four, but in view of the other facts averred, we do not regard the failure to make this additional averment fatal. Certainly the bill is amendable in this respect, if the facts warrant the amendment. Lands are often described as being bounded by the lands of another person.

The ground of demurrer raising the question, that the lands conveyed embraced the homestead of the grantors, and that there was no sufficient acknowledgment severally and respectively by the wives of the several grantors, is a mere speaking demurrer. Nothing of the kind appears in the face of the bill, and we will not consider the question at this time.

We are of opinion the court erred in its conclusion sustaining the demurrer, in dissolving the injunction and dismissing the bill. An order will be here entered reinstating the injunction, and the decree of the court is reversed and the cause remanded.

Reversed and remanded.