# Head v. Sanders.

## Assumpsit.

(Decided November 7, 1914.  66 South. 621.)

1. *Vendor and Purchaser; Void Agreement; Recovery of Purchase Price.*—Where a purchaser pays to a seller a part of the purchase price of real estate under a contract by which the seller is not bound to convey, the purchaser may recover the money so paid in an appropriate action therefor.

2. *Same; Contract; Description.*—An instrument by which a vendor leased to a vendee, with an option to purchase after certain specified payments had been made, lands described as therein set out and stated in the opinion, was not, when regarded as a contract for the sale of the land, void on its face for uncertainty in the description, though it did not state the state or county in which the lands were situated, since parol evidence would be admissible to sufficiently identify the property so described.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Assumpsit by John Sanders against J. D. Head, to recover money paid on a real estate purchase. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from Court of Appeals.

HARSH, BEDDOW & FITTS, for appellant.

W. M. WOODALL, for appellee.

GARDNER, J.—The principle of law is well recognized that where the purchaser pays to the seller a part of the purchase price of real estate, on a contract by which the seller is not bound to convey to the purchaser, such purchaser may recover the money so paid in an appropriate action.—*Nelson v. Shelby Manufacturing & Improvement Co.*, 96 Ala. 515, 11 South. 695, 38 Am. St. Rep. 116.

In count C of the complaint it is alleged that the plaintiff and the defendant entered into a contract, which is in the following words: "This certifies that John Sanders has this day leased from J. D. Head lot N. 15 and 16 in block No. 14 as surveyed by Kelley & Jop (civil engineers). The property is a portion of the Pleasant Valley survey of lots, and more particularly described as a lot embraced in the central tract of said survey. The said John Sanders agrees to pay on the 10th day of each month hereafter the sum of $10.00, and has this day executed notes for $—— each, with interest, and when the said John Sanders shall have paid off promptly when due 35 of said notes, then he, the said John Sanders, shall be entitled and privileged to purchase the said lot by continuing the further payment of said notes, which by so doing, he shall have a good and sufficient deed to said lot; otherwise all payments previously made to pass as rent or lease money for said lot for the period of time the prompt payment of said notes were made by the said John Sanders."

Said count also alleges that the instrument is void as a contract for the sale of said land, in that it fails to state the location of said lots, as is required by the statute of frauds; that said instrument fails to state the state or county in which said lots are located; that plaintiff has never had control or possession of said lots.

The facts alleged in said count, together with the provisions of the contract, do not show a case wherein the plaintiff is entitled to recover on the principle above announced, and the demurrers to this count should have been sustained. In the case of *Nelson v. Shelby, etc., Co., supra,* relied upon by the plaintiff below, the contract was as follows: "Received of Frank Nelson,

Jr., $166.66, being one-third cash payment on lot No. 28, of block 94. Bond for title to said lot will be delivered on execution of notes for balance of purchase money and return of this receipt properly indorsed."

The court, in passing upon this instrument, says: *"We may concede the memorandum to be complete in all respects except as to the terms of the payment.* It says one-third cash, and 'notes to be executed for the balance.' Whether these notes are to bear interest, and, if so, the rate of interest, or to be payable in one, two, or ten years, or whether there are to be two or a half dozen notes, is not stated."

The court does not at all hold that the description is void, or that it is one which may not be made certain by parol proof. In fact, the rule is well established in all such cases that parol proof is admissible for the purpose of showing the facts and circumstances surrounding the parties, at the time of the execution of the contract, in order to explain the meaning of the words used in designating the property, when called by any name of identification, to show that the seller owned property in a certain county in the state of Alabama that would fit the description given, and his possession of same, and that he did not own property anywhere else that would fit the description, and that if, upon a consideration of all such evidence, the description given in the instrument, in the light of such facts and circumstances reasonably located the property, it was not void for uncertainty. This principle of law has been established by the following and other authorities in Alabama: *Chambers v. Ringstaff,* 69 Ala. 140; *O'Neal v. Seixas,* 85 Ala. 80, 4 South. 745; *Homan v. Stewart,* 103 Ala. 644, 16 South. 35; *Webb v. Elyton Land Co.,* 105 Ala. 741, 18 South. 178; *Cottingham v. Hill,* 119 Ala. 353, 24 South. 552, 72 Am.

St. Rep. 923; *Howison v. Bartlett*, 147 Ala. 408, 47 South. 757; *Harralson v. Harper*, 170 Ala. 119, 54 South. 517.

It appears from this record, and from briefs of counsel for the parties, that this cause was tried upon the assumption that the above-quoted contract was upon its face void for uncertainty in the description of the property, and that this formed the basis for the entire insistence of the plaintiff for a recovery. What we have here said shows that we are of the opinion that the contract is not void on its face for uncertainty in description of the property, and we think the authorities herein cited clearly support this view. As this is considered and treated by counsel as the pivotal point in the case, that which constitutes the very foundation upon which rests the cause of action, and as this question is here determined contrary to the contention of appellee, the plaintiff in the court below, we have deemed it unnecessary to consider any of the other assignments of error.

Let the judgment of the court below be reversed, and the cause remanded.

Reversed and remanded.

McCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.