# Nolen *v.* Henry.

### *Bill to Reform Deeds.*

(Decided December 17, 1914. 67 South. 500.)

1. *Deeds; Construction; Intent.*—The law leans against the destruction of a deed, and the courts will construe a deed so as to effect, and not to defeat, the intention of the parties, where it can be done consistently with the rules.

2. *Reformation of Instruments; Void Deed.*—Although a deed may be void on its face for want of a definite description of the land, a court of equity will reform it upon proper allegation and proof of extrinsic fact.

3. *Evidence; Description of Deed; Parol.*—Where a grantor who owned a large body of surrounding land, conveyed 10 acres, to be laid off so as to include a certain shoal on a creek, describing it as being in section 16 and 22 (it being in fact in section 15) to be laid off so as to include that certain shoal, the land to be surveyed and platted, and a certified copy of the plat to become a part of the deed to complete a description, which plat was recorded as referred to therein, the description was uncertain, but such as might be aided by parol proof, it coming within the maxim "id certum est, quod certum reddi potest."

4. *Reformation of Instrument; Bill; Delay.*—Where land was conveyed to a power company in May, 1909, and by it conveyed to complainant in March, 1913, after the death of the original grantors, complainant's bill for reformation of the description in the deed thereafter filed was not too long delayed.

5. *Same; Proceeding.*—It is not necessary that the complainant should be in possession of the land in order to maintain a bill to correct a mistake in the description of the deed to the land.

6. *Vendor and Purchaser; Bona Fide Purchaser; Record.*—A deed executed in May, 1909, conveying the land by the description as herein stated and put on record before the filing of the plat therein referred to, sufficiently described the land as to put a purchaser on inquiry, and hence, was such constructive notice as to defeat his rights as a bona fide purchaser.

7. *Corporation; Deeds; Signature.*—A deed of the "Big Hillabee Power Company" purporting on its face to be the deed of the company, and reciting that in witness the grantor had set its hand and seal and delivered it by its president, signed, "L. W. Roberts, President Big Hillabee Power Company," was the deed of the company, since any defect in the signature was such as a court of equity would not permit to defeat the right of the grantee.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by R. L. Henry against Roy Nolen, to correct the description in a deed. From a decree overruling demurrers. to the bill, respondent appeals. Affirmed.

GEORGE A. SORRELL, for appellant.

LACKEY & ROWLAND, for appellee.

GARDNER, J.—Bill filed for reformation of description in certain deeds, referred to therein.—*Woodlawn Realty, etc., Co. v. Howkins*, 186 Ala. 234, 65 South. 183. Complainant claims title through a corporation known as Big Hillabee Power Company. It is shown: That one J. H. Chisolm, who was the owner of the land, conveyed by deed of date May 19, 1909, in execution of which deed his wife, Rebecca Chisolm, joined, to said Big Hillabee Power Company a tract of land consisting of 10 acres, to be laid off so as to include a certain shoal on Big Hillabee creek known as "Lindsey Shoal." That said Chisolm owned a large body of land surrounding the particular land. The description in said deed, a copy of which is made Exhibit A to the bill, is as follows: "Ten acres of land lying and being in sections 16 and 22, to be laid off so as to include Lindsey shoals on Big Hillabee creek, said land to be surveyed and platted by J. R. Hall, and when surveyed by him and platted, a·certified plat by said J. R. Hall shall be and become a part of this deed for the purpose of making the description perfect, and shall be attached to this deed and recorded as a part of this deed, with full water rights to erect a dam of sufficient height to back water to property sold Mr. Pinckard, at Chisolm's Bridge over said creek, with full rights, privileges, easements to, of the use of said stream for the purpose of a water power, said lands and water rights lying and being in township 23 of range 22."

The misdescription sought to be corrected, and the averments in connection therewith, are found in section 12 of the bill, as follows: "12. Orator further shows to your honor that the Lindsey shoals on Big Hillabee creek, while the same were situated on the lands of J. H. Chisolm, and while the same is near the section line between section 22 and 15, that part of the same is in section 16, and that 10 acres could not be laid off in section 16 and 22 so as to include Lindsey shoals, and while the same is described in the deed from Chisolm and wife to the Big Hillabee Power Company and from it to orator as being in section 16 and 22, that it was the intention of the parties in each instance to convey 10 acres of and so situated that the same should be available for the purpose of building a power plant on the said Lindsey shoals, and that neither the agent of the power company nor J. H. Chisolm knew the exact lines where the shoals were located, and that it was by mistake of the parties that the same was described as being in section 16 and 22, and that the description should have been in section 15, and that it was the intention of the vendor to convey 10 acres of land in section 15, which could include the Lindsey shoals, and it was the intention of the vendee to buy 10 acres of land in section 15 including Lindsey shoals, but by mistake as to where the lines were the lands are described as being in section 16, which by reason of that fact the line of section 22 was so near to the shoals that it was deemed probable by the parties at that time that some part of the 10 acres would necessarily be in section 22; that the description section 22 was put in the original deeds in order that there might be perfect and complete room for the laying off of 10 acres to be used for the best advantage in the development of the water power at Lindsey shoals. And orator avers that the said Roy Nolen was

fully informed by the record of said deed that it was the intention and purpose of the parties to said deed that said 10 acres of land should be so laid off as to include such land as would be best suited to the building of a plant for the development of the water power at Lindsey shoals."

The bill further shows that J. H. Chisolm died some time subsequent to May 19, 1909, and that his wife, Rebecca Chisolm, became the owner, either by inheritance from, or devise by, the husband, as we construe the bill, of all the lands belonging to her said husband; that prior to February 28, 1913, Rebecca Chisolm died, and that in due course of administration the lands of her said estate were sold by the administrator under the order of the probate court, and that as a part of the land ordered to be sold by said administrator was the west half of section 15, township 23, range 22, in Tallapoosa county, on which lands the Lindsey shoals were situated, and at said administrator's sale respondent became the purchaser of said lands, together with other lands then sold, the said 10 acres conveyed by J. H. Chisolm and wife to the Big Hillabee Power Company was not excepted therefrom, but said lands were sold in a body; that the said deed to said power company was on record in the probate office of Tallapoosa county at the time of said administrator's sale.

It is alleged that the said power company, in March, 1913, conveyed to complainant said lands sold to it, by use of the same description as that contained in the deed by J. H. Chisolm and wife to it, and that at that time the surveyor had not filed a plat or description of the 10 acres as provided for in said deed; that in June, 1913, complainant, desiring to perfect said description, procured J. R. Hall, named in the deed to the power company, to make a survey, laying off 10

acres of said lands so as to include the Lindsey shoals, and make a plat of the same, which said Hall did and filed in the probate office, and same has been recorded as a part of the deed.

The question considered and treated as of prime importance by counsel has reference to whether or not the description in the deed sought to be reformed is so uncertain as to render the same absolutely void.

(1-3) It is, of course, well settled that the law leans against the destruction of a deed for uncertainty of description, but will construe the deed, where it can be done consistently with legal rules, so as to give effect to the intention of the parties, and not to defeat it. "Every deed * * * ought to be so constructed, if it can, that the intent of the parties may prevail, and not be defeated."—*Pollard v. Maddox,* 28 Ala. 321.

In *Cottingham v. Hill,* 119 Ala. 353, 24 South. 552, 72 Am. St. Rep. 923, it was said: "This court has gone as far as any other in admitting parol evidence to sustain the validity of deeds, assailed upon the ground of indefiniteness in the description of the land; but the rule which we have adopted promotes justice, and does not open the door to fraud and perjury. In all cases the writing has been sufficient to show a bona fide sale and conveyance was intended by the parties, and when this appears no injustice results if by parol evidence the precise property intended to be conveyed can be clearly identified."

"Although a deed may be void on its face for want of a definite description of the land, a court of chancery will reform the deed upon proper allegata of extrinsic facts, and their proof."—*Greene v. Dickson,* 119 Ala. 346, 24 South. 422, 27 Am. St. Rep. 920.

"The general rule, everywhere recognized, is that mere verbal declarations as to what was intended, are

·not admissible in explanation of the terms of the writing itself. A just exception to this rule, however, is found in parol evidence going to the *identification of the subject-matter,* a principle which seems to have been much favored by the past decisions of this court." —*Meyer Brothers v. Mitchell,* 75 Ala. 475.

"A description which furnishes the means of making it certain by proof is sufficient."—*Lodge v. Wilkerson,* 165 Ala. 302, 51 South. 609.

The description here involved shows the quantity of land to be conveyed and the purpose for which it was purchased. It is by no means what might be termed by some a "roving 10 acres," but its location is fixed on a certain creek so as to include Lindsey shoals. A more definite and particular description is fixed and agreed upon by the parties, as shown in the deed itself, by the agreement for a survey to be made by one Hall, the land laid off in a plat, and same to become a part of the deed, so as to complete and make perfect this description. It was agreed, as shown by the deed itself, that such survey and plat should be attached to the deed and recorded as a part of the deed. The books abound with cases of this character; the facts of each being, of course, different. A review of them here we deem unnecessary. Suffice it to say we are well convinced that the description in this deed is one of those "uncertain descriptions" which may be aided by parol proof, and comes within the maxim, "Id certum est, quod certum reddi potest."—*Homan v. Stewart,* 103 Ala. 644, 16 South. 35; *Ala. Mineral Co. v. Jackson,* 121 Ala. 175, 25 South. 709, 77 Am. St. Rep. 46; *Pollard v. Maddox, supra; Wilkins v. Hardaway,* 159 Ala. 565, 48 South. 678; *Greene v. Dickson, Supra; Cottingham v. Hill, supra; O'Neal v. Seixas,* 85 Ala. 80, 4 South. 745; *Meyer Bros. v. Mitchell, supra.*

(4, 5) It is insisted, however, that the survey and completion of the description thereby should have been accomplished within a reasonable time, no time being fixed, and that it was too long delayed. If it be conceded, without being decided, that this should have been done within a reasonable time, we are of the opinion the bill does not show such unreasonable delay as would defeat the right here sought to be enforced. Nor is it necessary, in order to maintain a bill seeking the correction of a mistake in the description of lands conveyed in a deed, that the complainant should be in possession of the lands.—*Bieler's Sons v. Dreher*, 129 Ala. 384, 30 South. 22.

(6) It is next insisted that the record of the deed was not sufficient notice, and that if a mistake cannot be rectified without impairing the vested rights of innocent third parties, having no notice of the mistake, the aid of equity will be withheld, citing *Berry, Demoville & Co. v. Sowell*, 72 Ala. 14. Without regard to any consideration of effect of the averment that respondent was a purchaser at a judicial sale, and without any decisions upon that feature (*Lindsey v. Cooper*, 94 Ala. 170, 11 South. 325, 16 L. R. A. 813, 33 Am. St. Rep. 105; *Ezzell v. Brown*, 121 Ala. 150, 25 South. 832), we are of the opinion that the deed of J. H. Chisolm and wife to the power company, which was on record at the time of the purchase by respondent, embraced sufficient description of the subject-matter to put a purchaser on inquiry, and therefore was such constructive notice as to meet the law's requirements. It gave notice to the world that the power company had purchased 10 acres of the land of said Chisolm, which was to be surveyed and laid off for a more perfect description by one J. R. Hall, selected and agreed upon by the parties, so as to include Lindsey shoals; that it

was for the purpose of erecting a dam for use of the stream of Big Hallibee creek, for the purposes of water power, with rights and easements to such end. It gives the township and range, but mistakes the section number, in placing the 10 acres in sections 16 and 22, while in fact a survey made in accordance with the provisions of the deed shows that the 10 acres laid off so as to include Lindsey shoals is situated in section 15. The plat made shows the section line, and how easily the mistake could occur. The deed gave notice, however, that it did not contain a complete description, but that such was to be perfected by a survey to be subsequently made, and that the purchaser had bought 10 acres, so as to include Lindsey shoals on Big Hillabee creek.

Counsel for appellant cites the case of *Florance v. Morien,* 98 Va. 26, 34 South. 890; but we are of the opinion that case tends to support our conclusion rather than the contrary. It was there said: "The recorded instrument is sufficient to operate as constructive notice under the registry laws, if the property be so described or identified that a subsequent purchaser or incumbrancer would have the means of ascertaining with accuracy what and where it was, and the language used be such that, if he should examine the instrument itself, he would obtain thereby actual notice of all the rights which were intended to be created or conferred by it."

So here we think the language of this recorded deed was sufficient to give to a subsequent purchaser notice of what was intended to be conveyed, and a survey made in accordance with the very provisions of the deed itself would have disclosed the error as to the sections named, here sought to be corrected.

(7) Counsel further urge that the bill fails to show title to the said 10 acres in complainant, for that the

deed of the corporation, the power company, to complainant, is not signed as in the name of the corporation, but is signed only by L. W. Roberts, president of the Big Hallibee Company—citing *Standifer v. Swann & Billups,* 78 Ala. 88; *Mickle v. Montgomery,* 111 Ala. 415, 20 South. 441; *Taylor v. A. & M. Ass'n,* 68 Ala. 229. The deed purports on its face to be the deed of the power company, the corporation. It begins: "This indenture, made on  *   *   *  between Big Hallibee Power Company, by its president, L. W. Roberts,  *   *   *  of the first part, and R. L. Henry,  *   *   * of the second part."

And it concludes: "In witness, the said party of the first part has hereunto set its hands, affixed its seal, and delivered these presents the day and year first above written, by its president, L. W. Roberts, of Fulton Co., Ga.

"(Signed)                    L. W. Roberts, Pres't.

"Big Hallibee Power Co

"Signed, etc., in the presence of

"J. W. Preston, Sr.

"W. P. Felker."

We need not stop to inquire as to whether or not the provisions of the act approved February 20, 1911 (Gen. Acts 1911, p. 31), are applicable to the above deed. This we do not determine, as it is unnecessary. In the fifth paragraph of the bill it is alleged that the said corporation conveyed said property to complainant. The above objection, therefore, relates only to a matter of form, and in a court of equity the defect would not be such as to render the bill subject to the demurrer. Assuming full authority to act, and the bona fides of the sale to complainant, a court of equity would not permit the mere defect in execution of the deed to defeat the right of the complainant. As was said in *Taylor v. A. & M.*

*Ass'n, supra*: "Equity will treat the subject-matter, as to collateral consequences and incidents, in the same manner as if the final acts contemplated by the parties had been executed exactly as they ought to have been; not as the parties might have executed them.   *   *   * This power existing, and its exercise having been attempted, the parties are not to be disappointed, and their just rights defeated, merely because, from inadvertence, or from ignorance, or mistake as to the method which ought to be pursued to bind the association, passing its estate and interest in the lands, there is a defective execution of the power."

The maxim that equity will treat that as done which ought to have been done would, in such case, have controlling effect.

We have reviewed the questions presented by counsel in brief, and we conclude that the learned chancellor decreed correctly in overruling the demurrer to the bill, and his decree is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and DE GRAFFENRIED, JJ., concur.