(92 South. 444)

REYNOLDS et al. v. SHAW.   (8 Div. 442.)

(Supreme Court of Alabama. April 6, 1922.)

1. Evidence ⬅➡460(7)—Parol evidence held admissible in aid of description of land.

A description in a contract for the sale of land "the following described real estate situated in Madison county, Ala., viz.: Located 1½ mi. East New Market, and containing 75 acres, more or less"—while alone insufficient to identify the land shows conclusively on its face that it is not applicable to more than one tract of land, and hence parol evidence was admissible to aid the description.

2. Evidence ⬅➡460(7)—Executory agreements to convey land not subject to more stringent rule as to parol evidence than actual conveyances.

A more stringent rule in regard to admitting parol evidence in aid of the description of land should not be applied against executory agreements to convey than against actual conveyances.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Action by Richard Shaw against J. B. Reynolds and another on the common count to recover money alleged to have been paid on a void contract to sell realty—void for insufficiency of description. Judgment for the plaintiff, and the defendants appeal. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Reversed and remanded.

W. H. Blanton and R. E. Smith, both of Huntsville, for appellants.

The court erred in refusing to admit evidence in aid of the description. 85 Ala. 80, 4 South. 745; 202 Ala. 468, 80 South. 852; 96 Ala. 515, 11 South. 695, 38 Am. St. Rep. 116; 189 Ala. 443, 66 South. 621. It was a jury question as to whether the description was too uncertain. 201 Ala. 336, 77 South. 998; 202 Ala. 681, 81 South. 637; 201 Ala. 261, 77 South. 677.

Betts & Richardson, of Huntsville, for appellee.

The contract is void, because the land is not sufficiently described. 69 Ala. 140; 67 Ala. 353; 111 Ala. 601, 20 South. 485; 144 Ala. 532, 40 South. 204; 63 Ala. 284; 71 Ala. 260; 171 Ala. 409, 55 South. 102; 121 Ala. 172, 25 South. 709, 77 Am. St. Rep. 46; 201 Ala. 49, 77 South. 343; 173 Ala. 116, 55 South. 240; 142 Ala. 698, 39 South. 92; 174 Ala. 154, 56 South. 711; 176 Ala. 343, 58 South. 381. And because the terms of the sale are indefinite as to the time, amounts, etc., of the payment. 96 Ala. 515, 11 South. 695, 38 Am. St. Rep. 116; 48 Ala. 298; 7 Port. 73; 70 Ala. 373; 149 Ala. 287, 42 South. 1001.

SOMERVILLE, J. Plaintiff sued to recover of defendants the sum of $400 received by them to the use of plaintiff. Plaintiff's evidence showed that the money was paid as a cash payment under a written contract for the sale by defendants to plaintiff of "the following described real estate situated in Madison county, Ala., viz.: Located 1½ mi. east New Market and containing 75 acres more or less."

On the theory that the contract was void on its face because of the uncertainty and insufficiency of the description of the land intended to be sold, the trial judge excluded all the parol evidence offered by defendants in aid of the description, and gave for plaintiff the general affirmative charge with hypothesis.

[1] While the description, standing alone, would not suffice for the identification of the land, it nevertheless does not show on its face that it is equally applicable to more than one tract of land, and hence does not fall within the class of patent ambiguities in aid of which parol evidence is forbidden.

The decisions on this subject are numerous, and it is not necessary to repeat the rules which have been so often stated by this court. Chambers v. Ringstaff, 69 Ala. 140; Greene v. Dickson, 119 Ala. 346, 24 South. 422, 72 Am. St. Rep. 920; Caston v. McCord, 130 Ala. 318, 30 South. 431; Head v. Sanders, 189 Ala. 443, 66 South. 621; Nolen v. Henry, 190 Ala. 540, 67 South. 500, Ann. Cas. 1917B, 792.

———

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

So far as the present case is concerned, we think the question has been clearly and conclusively settled adversely to the contention of plaintiff and the rulings of the trial court by the case of O'Neal v. Seixas, 85 Ala. 80, 4 South. 745, where the description was not substantially different from the one before us, and which has been cited with approval over and over again. In that case the land was described as "a lot of land near Florence, north of the fair grounds, containing 35 acres, more or less," and it was held that the description could be aided by parol evidence, although the purchaser had never been put in possession.

Equally as strong is the case of Greene v. Dickson, 119 Ala. 346,[1] wherein the same ruling was made in support of a conveyance describing the land as "part of N. W. ¼ of sec. 4, T. 9, R. 10, containing 88 acres."

[2] Counsel for appellee suggest that a more stringent rule should be applied against executory agreements to convey, and that therefore this case should not be ruled by O'Neal v. Seixas, supra, and other like cases, where the description was part of an actual conveyance. There is no merit in this suggestion, and, indeed, if there is reason for any distinction at all, we think it would be in favor of executory agreements to convey, since they are not designed as permanent memorials of title, and are less precise and formal in their structure. In O'Neal v. Seixas, supra, though the contract was treated as an equitable mortgage, it was by its terms no more than an authority to the creditor to sell the land described, purely executory in character, and in no sense a conveyance in præsenti.

The rulings of the trial court are not in accord with the authorities above referred to, and the judgment must be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.