**CHANDLER v. WILDER et al.   (7 Div. 659.)**

(Supreme Court of Alabama.   Nov. 4, 1926.)

**1. Frauds, statute of ⚷125(3)—Executory contract of sale not satisfying statute is voidable at will of either party, and partial payment made recoverable.**

If executory contract for sale of land does not meet requirements of statute of frauds, it is voidable at will of either party, and purchaser entitled, on demand, to refund of part payment made.

**2. Money received ⚷1—Action is supported by showing possession of money, belonging in equity and good conscience to plaintiff, which he is entitled to receive.**

Equitable action for money had and received is supported by showing money in defendant's possession, which in equity and good conscience belongs to plaintiff, and which he is entitled to receive.

**3. Frauds, statute of ⚷113(2)—All elements of valid contract for sale of land must substantially appear in writing.**

Writing must show, expressly or by necessary implication, all elements of valid contract for sale of land—the property, parties, consideration, including terms of payment; but it is enough that they substantially appear.

**4. Frauds, statute of ⚷113(3)—Provision for security to vendor's satisfaction satisfies statute, meaning to satisfaction of reasonable men.**

Provision for deferred payment, "to be secured to my satisfaction," does not leave transaction so open to future treaty and understanding as to vitiate contract under statute, it meaning to satisfaction of reasonable men.

**5. Vendor and purchaser ⚷334(3, 5)—On mutual rescission of executory contract for sale or vendor's disabling himself to convey, payments are to be refunded, in absence of contract provision.**

On abandonment and mutual rescission of executory contract for sale, on election of vendor to rescind for noncompliance, purchaser consenting thereto, or, on vendor's disabling himself to convey, payments are to be refunded, in absence of contract provision.

**6. Money received ⚷5.**

That contract rights had ceased is no answer to action for money had and received, it being founded on equitable doctrine.

**7. Trial ⚷45(1)—Offered evidence held not objectionable because question called for stronger evidence than plaintiff was required to offer.**

Though plaintiff, suing for refund of partial payment, was required to show only that defendants had sold the land to another, disabling them to complete deal with plaintiff, the fact that question called for evidence that they received more on second sale than plaintiff was to pay did not render evidence objectionable; this being merely offering stronger evidence than plaintiff was required to offer.

**8. Witnesses ⚷275(2).**

On cross-examination of one who had testified that he had lost certain amount by decline of market value of land he sold, question of price he received was proper.

**9. Vendor and purchaser ⚷341(1½).**

Though contract called for joint purchase by plaintiff and another, the money having been paid by plaintiff alone, and being his property, action for money had and received is properly brought by him alone.

**10. Husband and wife ⚷138(6).**

Husband having negotiated sale and received the money, wife's joining in receipt with knowledge of facts ratified payment to him as her agent.

**11. Money received ⚷14.**

Action for money had and received lies against one receiving the money in person or by agent.

---

⚷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

215 ALA.—14

**12. Husband and wife ⊛⟶138(6).**

Joining of wife in subsequent sale to another of land which husband had contracted to sell to plaintiff made her party to the rescission.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by H. J. Chandler against E. C. Wilder and another. From a judgment for defendants, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Hugh Reed, of Center, for appellant.

A vendor may waive his right of forfeiture and still be bound to perform after default, and time for performance of a contract may be waived. Lowy v. Rosengrant, 196 Ala. 337, 71 So. 439; Zirkle v Ball, 171 Ala. 568, 54 So. 1000. Plaintiff's replication was not subject to demurrer Brady v. Green, 159 Ala. 482, 48 So. 807. The receipt in this case was not sufficient as a binding memorandum. Nelson v Shelby M. & I. Co., 96 Ala. 515, 11 So. 695, 38 Am. St. Rep. 116. If the receipt meets the requirements of the statute of frauds, it was executory, and was modified by the agreement to refund in case plaintiff was unable to carry out the contract. Hertz v. Montgomery Journal Pub. Co., 9 Ala. App. 178, 62 So. 564; Moore v. Williamson, 213 Ala. 274, 104 So. 645, 42 A. L. R. 981. Plaintiff should have been permitted to show sale of the land for more than plaintiff was to pay. Fairbanks v. Chunn, 2 Ala. App. 642, 56 So. 847; McIntyre v. White, 124 Ala. 177, 26 So. 937; Miller v. Whittington, 202 Ala. 406, 80 So. 499. 22 C. J. 195.

E. O. McCord & Son, of Gadsden, for appellees.

Counsel discuss the questions raised, but without citing authorities.

BOULDIN, J. The cause went to trial on the common count for money had and received, plea of the general issue, certain special pleas, and special replications thereto. The purpose of the suit is to recover money paid under an executory contract for the purchase of lands, which was never consummated.

The contract is evidenced by the following receipt:

"$500. Received of E. J. Chandler and H. J. Chandler, the sum of five hundred dollars, part payment on the lands known as the Blakemore place, for which I am to make him a deed when he pays me $1,750, within thirty days and also $2,250 bal. due by October 15, 1925, to be secured to my satisfaction. Given under my hand, this Feb. 9, 1924. Mrs. E. C. Wilder. W. O. Wilder."

No payment other than the $500 shown in the receipt was ever made nor security given. Possession was never delivered to the purchaser.

[1] Appellant, plaintiff below, raises the point that this receipt does not meet the requirements of the statute of frauds. If so, it was voidable at the will of either party, and the purchaser entitled, upon demand, to a refund of the money paid.

[2] The equitable action for money had and received is supported by any state of facts showing money in the possession of the defendant which in equity and good conscience belongs to the plaintiff, and which he is entitled to receive.

[3, 4] The special point of attack upon the contract is in the clause of the receipt requiring the deferred payment "to be secured to my satisfaction." The argument is that this leaves open to future treaty the nature and sufficiency of the security, gives the vendor the power to exact arbitrary or unusual security, and renders the contract void for uncertainty.

In general the writing must show, expressly or by necessary implication, all the elements of a valid contract for the sale of lands, viz., the property, the parties, the consideration, including terms of payment, and the obligation or promise of each of the parties, and be duly subscribed. Nelson v. Shelby Mfg. Co., 96 Ala. 515, 11 So. 695, 38 Am. St. Rep. 116. No particular form of contract is essential; it is sufficient if these matters substantially appear. In our opinion, the clause in question does not leave the transaction so open to future treaty and understanding as to vitiate the contract under the statute of frauds.

Security to the satisfaction of the vendor has a legal, contractual meaning. He contracts to accept satisfactory security; he cannot demand capricious, unusual, and unreasonable security in form or amount. His obligation is to inform the purchaser of the nature of the security and accept such security, if satisfactory to all reasonable men. The legal duty of both parties in the matter of giving security is fixed with sufficient certainty to meet the requirement of the statute of frauds.

The evidence, without substantial dispute, discloses that by indorsement on the receipt the time of compliance was extended to April 1, 1924; that in June following the purchaser advised the vendor he was unable to meet the payments and demanded the return of his money. It further appears, without dispute, that when the receipt was drawn and delivered, the day following the payment of the $500 the justice of the peace who drew the receipt inquired whether, in case the purchaser failed to raise the money, the cash

payment would be refunded, and assurance was given that it would.

Plaintiff relied upon this as evidence of contract to refund. This issue was submitted to the jury, with instructions to find whether this was a collateral contract made at the time, supported by the same consideration, or was a mere voluntary promise made after the transaction was closed. The land was the property of the wife; she and the husband joined in the receipt; the husband received and retained the money. The husband was the spokesman in making the promise to refund in the presence of the wife. The issue was further submitted to the jury as to whether this promise was binding on the wife. No questions upon the admissibility of this evidence, nor the instructions of the court thereon, are presented for review. The matter is adverted to here for its connection with other rulings to be considered.

The contract is one of purchase; the $500 was part payment of purchase money. It was not an option contract, the cash payment intended to pay for option to buy. Time is not stipulated as of the essence of the contract, nor any words of forfeiture for failure to pay and give security at the time named. We do not find any ambiguity in this regard warranting a resort to parol evidence. If so, the verbal promise to refund would be a circumstance to show intent.

[5] Upon the abandonment and mutual rescission of an executory contract for the sale of lands, upon the election of the vendor to rescind for nonpayment or other noncompliance, the purchaser consenting thereto, or upon the vendor's disabling himself to meet his contract to convey, as by a conveyance of the property to a third person, the purchase money paid is due to be refunded. The vendor has the election to stand upon his contract, to hold the money and the legal title as security to be foreclosed, if need be, for the collection of the balance. If possession has not passed, he is entitled to retain it, and in some cases to recover it, but to be held in readiness to convey upon payment in full. But if he elects to rescind, his duty is to place the purchaser in statu quo. He cannot hold the land and the money without lawful contract to that end or by agreement with the purchaser at the time of rescission. There is no need for an express contract to refund. Upon rescission, the land becomes the vendor's as though no contract had existed, and the money in his hands becomes the property of the purchaser. Drake v. Nunn, 210 Ala. 136, 141, 97 So. 211; Nelson v. Shelby Mfg. Co., 96 Ala. 515, 525, 11 So. 695, 38 Am. St. Rep. 116; Castleberry v. Pierce, 5 Stew. & P. (Ala.) 151; Flinn v. Barber, 64 Ala. 193; Waters v. Spencer, 22 Ala. 460; 27 R. C. L. p. 663, § 426.

Plea No. 4 sets up the substance of the contract, alleges the breach by the purchaser,

that defendants stood ready and willing to execute the contract for nearly a year thereafter, and a disposal of the land to other parties.

[6] The plea proceeds on the theory that the suit is for breach of contract, and sets up noncompliance on the part of plaintiff in bar of the action. It assumes that all contractual rights ended by plaintiff's default. This is no answer to the common count for money had and received. It is not founded upon breach of contract, but the equitable doctrine above stated. The plea shows defendants have disabled themselves to comply with their contract to convey, arming plaintiff with the right to abandon the contract and reclaim his money. There was error in overruling demurrer to this plea. True, the grounds of demurrer were rather general, but if held bad for this, there was manifest error in sustaining demurrer to replication 3½, alleging that plaintiff had notified defendants of his readiness to complete the purchase, and thereafter, before bringing the suit, the defendants sold the lands to other persons, disabling themselves to consummate the deal with plaintiff.

[7] There was error in refusing evidence under the general issue that defendants had so sold the lands. That the question called for evidence that they received more than plaintiff was to pay for the lands did not render the evidence subject to objection. This was merely offering stronger evidence than plaintiff was required to offer.

[8] Moreover, the question was on cross-examination of defendant W. O. Wilder, who had testified that he had lost more than $500 by decline in market value of the timber and land. There was error in refusing motion to exclude this statement. Being in, however, the evidence of price obtained for the land became relevant on cross-examination.

[9] While the contract calls for a joint purchase by father and son, the evidence is without dispute that the money was paid by the son alone—that it is his property. The suit was properly brought by him as sole plaintiff.

[10, 11] The husband having negotiated the sale and received the money, the wife's joining in the receipt with knowledge of the facts ratified the payment to him as her agent. The action for money had and received lies against one receiving the money in person or by agent.

[12] The subsequent sale of the land and joining therein by the wife made her a party to the rescission.

For the errors noted, the judgment is reversed.

Reversed and remanded.

SAYRE, GARDNER, and MILLER, JJ., concur.