147 So. 141

**ROWELL v. ROWELL.**

**1 Div. 762.**

Supreme Court of Alabama.

March 23, 1933.

Gordon, Edington & Leigh, of Mobile, for appellant.

Outlaw & Seale, of Mobile, for appellee.

FOSTER, Justice.

It is thoroughly settled in this state that, if the vendor is bound under the statute of frauds (Code 1923, § 8034), either because he has executed a sufficient written memorandum of the terms of the contract, or because there has been a sufficient part performance, the vendee, though he has executed no note or memorandum, but has paid part of the purchase money, though not let into possession, may not recover that which he had paid. In other words, if the vendor is bound by his agreement to sell, the purchaser cannot recover what he has paid, though he is not bound himself. Flinn v. Barber, 64 Ala. 193; Nelson v. Shelby Mfg. & Imp. Co., 96 Ala. 515, 11 So. 695, 38 Am. St. Rep. 116; Chandler v. Wilder, 215 Ala. 209, 110 So. 306.

In a suit by the vendee, the burden is on him to show a right to recover, and that he paid the money sought to be recovered, by virtue of a contract which is void and not binding on the vendor. It is not dependent upon the unwillingness of the vendor to carry out his undertaking, for if the statute is not observed it is void, and no demand is necessary before suit is brought. Head v. Sanders, 189 Ala. 443, 66 So. 621; Nelson v. Shelby Mfg. & Imp. Co., supra.

It is clear that the mere continued possession of land by the lessee, who becomes the purchaser without other acts showing that his possession is thereafter only referable to his purchase, is not sufficient to comply with the requirement that the purchaser be put in possession when there is no sufficient memorandum of the sale duly executed. Formby v. Williams, 203 Ala. 14, 81 So. 682; West v. McKay, 225 Ala. 397, 143 So. 573.

It was not intended in the case of Shannon v. Wisdom, 171 Ala. 409, 55 So. 102, to assert a rule different from that well settled principle, that when the description of real estate is not clear without reference to the facts and circumstances surrounding the parties, but that when these facts are shown it is clear what land is intended, there may be such parol evidence of them. The oral evidence of the intention of the parties held in that case to be inadmissible relates to evidence other than the facts and surrounding circumstances, or when such facts do not render the description definite. That such is the rule in this state is manifested by the following cases: Head v. Sanders, supra: Karter v. East, 220 Ala. 511, 125 So. 655, where many others are cited.

If the description is one which shows that it is capable of being made certain by parole, the vendee suing the vendor as upon a void contract, has the burden of showing that the facts and surroundings of the parties are such that the description cannot be made certain; in other words, that the contract is void. Since such was not undertaken in this case, the only question is whether upon the face of the paper it shows that whatever may be such surroundings, the description is still incapable of being made certain. The memorandum signed by the vendor shows the name of the vendee, the amount of the purchase price, and has no other uncertainty, if the description is sufficient, and can be made certain by any state of surroundings. Without the aid of extraneous facts it is not sufficient. But it shows that the whole of the tract, and not an indefinite part, is sold; it states the acreage with reasonable certainty; that it is "located on the east side of Coden Road at or near Laurendine Sta." If the evidence shows

that in a certain county there is a road thus defined and near a station called Laurendine, and the vendor owns only one tract of that acreage on the east side of that road near Laurendine, of which he is in possession, especially if such tract had then been rented to the vendee, and he has taken possession of it as tenant, or thereby it is delivered to him, the description would be made certain. Head v. Sanders, supra; Karter v. East, supra; Sadler v. Radcliff, 215 Ala. 499, 111 So. 231; Chandler v. Wilder, 215 Ala. 209, 110 So. 306; Reynolds v. Shaw, 207 Ala. 274, 92 So. 444.

The evidence shows that the vendee had rented the land and was in possession as tenant, when the agreement for its purchase was made. But other facts and circumstances surrounding the parties material to aid in the certainty of the description are not shown. Since the description could be made certain by extraneous facts, the court will not, in a suit by the vendee for a refund of payments made on the purchase price, declare it void, in the absence of evidence that those facts which could render it certain do not exist.

Plaintiff therefore failed to prove a right to recover, and defendant was due the affirmative charge. That is the only question on this appeal.

For the error in not giving the charge as requested, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.