RICHARD S. ROBIE, Plaintiff, *v.* WHEELER SHIPYARD, INC., Defendant.

Supreme Court, Special Term, Kings County, March 21, 1938.

*Nordlinger, Riegelman & Cooper* [*David B. Lefkowitz* and *Abraham G. Bern* of counsel], for the plaintiff.

*Elizabeth Stern* [*Milton H. Harris* of counsel], for the defendant.

HALLINAN, J. On November 5, 1937, the parties entered into a written contract which provided for the manufacture and sale of a boat by the defendant to the plaintiff. Payment for the boat was to be made by the delivery of plaintiff's promissory note for $3,500 payable six months after date of contract, and by the acceptance of a trade-in in the form of a boat then owned by the plaintiff. One of the provisions of the contract reads as follows: " SPECIAL NOTE: If payments are to be made under deferred payment plan, the purchaser, upon the signing of this agreement, will furnish satisfactory credit references, and the Shipyard, prior to the commencement of any work required to be done pursuant to the terms hereof, shall have the time which it may deem necessary to investigate credit references. In the event that said references are unsatisfactory, then the Shipyard may, at its option, cancel this agreement and return the deposit paid hereunder to the purchaser and all rights under this contract shall then cease, terminate and be at an end."

In December, 1937, the defendant notified the plaintiff of the purported cancellation of the said contract. This action is brought for damages alleged to have been sustained by the plaintiff as a result.

The defendant in its answer has, by way of defense and counterclaim, set up the following: That, pursuant to the terms of the contract, it investigated the credit of the plaintiff, and upon such investigation found that, *in the opinion of the defendant*, plaintiff's credit was unsatisfactory; that the note was thereupon returned to the plaintiff, and at the same time the boat, which was taken in trade-in, was tendered to the plaintiff, who neglected and refused to receive the same, as a result of which the defendant incurred certain charges for which the counterclaim is interposed.

It is the contention of the plaintiff that the insertion of the phrase in the counterclaim, " in the opinion of the defendant," is an attempt to introduce into the written contract an element which is not therein provided and which cannot legitimately be inferred therefrom, for the contract says " in the event that said references are unsatisfactory," and not " in the opinion of the defendant said credit was unsatisfactory."

The defendant attempts to justify the insertion in the counterclaim of the phrase, " in the opinion of the defendant said credit was unsatisfactory," by claiming that the acceptability of the plaintiff's credit references involves a question of personal taste; that credit is purely a matter of opinion, and depends for its existence upon a belief of one person in another's ability to pay; that the standard is subjective and personal, and that such contract requires the actual satisfaction of the promisee.

Its argument is largely based upon the case of *Eastman* v. *Horne* (205 N. Y. 486). That case established a rule that where a purchaser agrees to take title if a designated title insurance company will insure he need not take title if that title company in good faith refused to insure.

That case, in the opinion of the court, is not applicable to the situation at bar. There the decision of a third party was to be controlling. Here that element is not present. In the case at bar the standard of reasonableness must be applied, and not merely the subjective and personal opinion contended for by the defendant.

That this standard is practically recognized by the defendant is evidenced by the statement found on page 5 of its brief: " The defendant's opinion must be a reasonable opinion as determined by all of the facts."

Business is to a large extent conducted on credit, and definite elements upon which credit may be weighed have become established in the commercial world. Credit information may be purchased and exchanged.

Under such circumstances the term, " in the opinion of the defendant," contained in the counterclaim, is not justified by the language of the special provision in the contract, above quoted.

The point involved herein does not appear to have been passed upon directly by the courts of this State. Counsel for the plaintiff, however, have drawn my attention to a case of another jurisdiction, which appears to support the view herein expressed.

*Chandler* v. *Wilder* (215 Ala. 209; 110 So. 306) involved a contract for the purchase of land, in which the balance of the purchase price was to be paid in fixed installments " to be secured to my [vendor's] satisfaction." The court construed this clause, stating (at p. 210): " Security to the satisfaction of the vendor has a legal, contractual meaning. He contracts to accept satisfactory security; he cannot demand capricious, unusual, and unreasonable security in form or amount. His obligation is to inform the purchaser of the nature of the security and accept such security, if satisfactory to all reasonable men."

Moreover, the contract herein was drawn by the defendant, and any uncertainty or ambiguity as to the meaning of the agreement should be resolved in favor of the plaintiff. (*Gillet* v. *Bank of America*, 160 N. Y. 549, 554, 555.)

As stated in the Restatement of the Law of Contracts (§ 265): " Where it is doubtful whether words mean that a promise is conditional on the promisor's personal satisfaction with an agreed exchange, or on the sufficiency of that exchange to satisfy a reason-

able man in the promisor's position, the latter interpretation is adopted."

For all of the above reasons, therefore, the motion is granted, with leave to plead over, based upon the actual language in the contract.